**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-11160
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JERRY D. HOLLEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:92-CR-059-P)

_____

July 9, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:*


John Holley was convicted of various bank fraud-related crimes and was sentenced, *inter alia*, to pay restitution to the Federal Deposit Insurance Corporation. He appealed, and this court vacated the restitution award for recalculation, but we affirmed the district court in all other respects. *See United States v. Holley*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

23 F.3d 902 (5th Cir. 1994). On remand and after a hearing, the district court recalculated the restitution amount. Holley now appeals that amount, and in the alternative seeks to set aside the entire restitution order.

## I.

Holley's challenges to the fact, rather than the amount, of restitution are not properly before this court. On remand, a district court may not reconsider any aspect of the sentence not within the scope of the remand order. *See United States v. Marmolejo*, 139 F.3d 528 (5th Cir. 1998). Our remand order was specifically limited to a "recalculation of the *amount* of restitution." *Holley*, 23 F.3d at 915 (emphasis added).

## II.

Where a district court has considered the proper factors in calculating an award of restitution, that award will be reviewed only for abuse of discretion. *See United States v. Reese*, 998 F.2d 1275, 1280-82 (5th Cir. 1993). We instructed the district court to offset the loss for which restitution must be made by the value of the foreclosed property returned to the financial institution suffering that loss. *See Holley*, 23 F.3d at 914-15. On remand, the government stipulated that the value of the loss should be pegged at $5.7 million, so the only disputed issue was the value of

the offset, that is, of the returned property at the time it was returned.

The district court valued the returned property at $2.8 million, a number derived from the sale price of the property in 1993, six years after it had been returned. Holley contends that the property had declined in value; he presents appraisals from 1984, 1985, and 1986 in the amounts of $9.25 million, $6.7 million, and $10 million, respectively, to show that the property was worth substantially more than $2.8 million in 1987. He argues that the district court erroneously calculated the property value as of 1993, rather than as of 1987 as required by our mandate. We disagree.

The district court found Holley's mid-1980's appraisals essentially incredible. The government's expert estimated the market value in 1987 to have been $1 million to $1.5 million. The price paid at the foreclosure sale, he said, had nothing to do with the actual value but was simply the amount needed to extinguish the outstanding obligations on the property.

In fact, there is no evidence that anyone was willing to purchase the property for any amount of money, prior to its sale in 1993. The district court found that by holding onto the property through the nadir of the Texas real estate market, the bank was able to command a higher price in 1993 than it would have received in 1987 for an essentially defunct shopping center with an occupancy rate as low as twenty percent.

3

The district court did not abuse its discretion by finding the value of the returned property to have been $2.8 million when acquired.  Using this amount, subtracted from the $5.7 million loss, the court properly set restitution at $2.9 million.  The amended judgment is AFFIRMED.